UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EDWARD MAURY, | No. 2:12-cv-1043 WBS DB |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | |
| RONALD DAVIS, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Respondent. | |

Petitioner is a condemned state prisoner proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 3, 2019, petitioner filed a motion to stay these proceedings for nine months to permit newly-appointed counsel an opportunity to investigate potential new claims. Respondent states that he does not oppose the motion "with the understanding that Petitioner will be filing quarterly status reports." For the reasons set forth below, this court will recommend petitioner's request for a stay be granted.

**BACKGROUND**

Petitioner initiated this action in April 2012. On April 26, 2012, the court appointed Michael Laurence and Kevin Bringuel of the state's Habeas Corpus Resource Center ("HCRC") as counsel for petitioner. (ECF No. 3.) On October 24, 2012, petitioner filed a petition for a writ of habeas corpus. (ECF No. 25.)

////

1

After consulting with counsel, on December 10, 2012, the court ordered respondent to file an answer that included points and authorities addressing the application of 28 U.S.C. § 2254(d) to each of petitioner's claims. (ECF No. 30.) On December 23, 2013, respondent filed an answer. (ECF No. 48.)

On October 7, 2015, the HCRC and attorney Bringuel moved to vacate their appointment to represent petitioner. (ECF No. 60.) The court granted that motion. (ECF No. 69.) The court noted that attorney Laurence had not sought to withdraw and remained counsel for petitioner.

On March 24, 2017, petitioner filed a reply to the answer. (ECF No. 156.) Respondent chose not to file a sur-reply. (ECF No. 164.)

On May 30, 2017, attorney Laurence moved to withdraw as petitioner's counsel. (ECF No. 159.) On May 31, 2017, the court granted that motion. (ECF No. 161.) Initially, the Capital Habeas Unit of the Federal Defender's Office for this district was appointed to represent petitioner. (Id.) However, that office determined it had a conflict and moved to withdraw in January of this year. (ECF No. 165.) On May 29, the court appointed the Office of the Federal Public Defender for the District of Nevada as petitioner's counsel. (ECF No. 165.)

On September 3, 2019, petitioner's counsel filed the present motion to stay these proceedings. (ECF No. 169.) On September 23, respondent filed a statement of non-opposition. (ECF No. 170.)

**MOTION TO STAY**

The United States Supreme Court has clearly indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254–55 (1936). In this regard, "the proponent of the stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997).

////

////

Here, the parties agree that a stay is appropriate. This court agrees as well. Petitioner's counsel has established a need to investigate any possible conflicts of interest prior counsel may have had as a result of the Supreme Court's decision in Martinez v. Ryan, 566 U.S. 1 (2012).

This court does not agree, however, that quarterly status reports are necessary. Respondent requested such reports but does not state what such reports would contain. The work petitioner's counsel seeks to do seems best classified as attorney work product. Such information is not typically made part of the public record. Accordingly, this court will not recommend petitioner provide such reports.

For the foregoing reasons, and good cause appearing, IT IS HEREBY RECOMMENDED that

1. Petitioner's motion to stay these proceedings (ECF No. 169) be granted;
2. These proceedings be stayed and administratively closed through May 30, 2020; and
3. Petitioner be ordered to file a notice prior to the end of the stay informing the court if he will seek to amend the petition.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 4, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB/orders-capital/maury.stay fr