1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT EDWARD MAURY,                    No.  2:12-cv-1043 WBS DB

12                   Petitioner,             DEATH PENALTY CASE

13         v.

14   RONALD DAVIS,                           FINDINGS AND RECOMMENDATIONS

15                   Respondent.

16

17         Petitioner is a condemned state prisoner proceeding with a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  This case is currently stayed through May 30, 2020 for the

19   purpose of permitting petitioner's newly-appointed counsel an opportunity to investigate potential

20   new claims.  (See Apr. 1, 2020 Order (ECF No. 172).)  On April 3, petitioner moved for an

21   extension of the stay through August 28, 2020 and for equitable tolling of the statute of

22   limitations for a 170-day period.  (ECF No. 173.)  Respondent does not oppose the extension of

23   time but agrees to only 90 days of equitable tolling.  (See ECF No. 174.)

24         Petitioner is represented by attorneys in the Office of the Federal Public Defender for the

25   District of Nevada ("FPD").  The FPD asserts that the investigation of potential new claims

26   requires travel to California and other states to conduct in-person interviews.  However, the FPD

27   is currently unable to accomplish these tasks due to shut-downs and social distancing

28   requirements instituted to contain the spread of COVID-19.  On March 11, 2020, the World

1

1   Health Organization ("WHO") declared COVID-19 a global pandemic.[1]  The Governor of

2   California issued a state-wide order, effective March 19, that directs "all individuals in the State

3   of California to stay at home or at their place of residence" except as outlined in the order.  The

4   order is in place "until further notice."[2]  On March 31, the Governor of Nevada issued a similar

5   state-wide, stay-at-home order.  That order expires April 30, 2020, but may be renewed.[3]  The

6   President declared a state of emergency on March 13, 2020 for the country as a whole.[4]  He also

7   recommended that all residents of the United States practice "social distancing" through April 30,

8   2020.[5]

9        Respondent does not oppose an extension of the stay of these proceedings for 90 days,

10   through August 28, 2020.  This court finds good cause for an extension of the stay based on the

11   limitations on the FPD's ability to conduct investigations as a result of the COVID-19 pandemic.

12        Petitioner also seeks equitable tolling of the statute of limitations for a 170-day period,

13   starting March 11, 2020, when the WHO declared COVID-19 a global pandemic, through August

14   28, 2020.  The party asserting equitable tolling bears the burden of establishing two elements: (i)

15   that he has been pursuing his rights diligently, and (ii) that some extraordinary circumstance stood

16   in his way.  Holland v. Florida, 560 U.S. 631, 649 (2010); Espinoza-Matthews v. California, 432

17   F.3d 1021, 1026, n.5 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

---

[1] WHO Director-General's Opening Remarks at The Media Briefing On COVID-19, World Health Organization, https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020.

[2] California Coronavirus (COVID-19) Response, CA.GOV, https://covid19.ca.gov/stay-home-except-for-essential-needs/.

[3] http://gov.nv.gov/News/Emergency_Orders/2020/2020-03-31_-_COVID-19_Declaration_of_Emergency_Directive_010_-_Stay_at_Home_Order/.

[4] Proclamation On Declaring A National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak, The White House (Mar. 13, 2020), https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/.

[5] Paul LeBlanc, Jason Hoffman and Kevin Liptak, CNN, Trump Extends Federal Social Distancing Guidelines to April 30  https://www.cnn.com/2020/03/29/politics/trump-coronavirus-press-conference/index.html

1  The emergence of the COVID-19 pandemic and the resulting restrictions on social interactions

2  and travel certainly qualify as an extraordinary circumstance.  See Cowan v. Davis, No. 1:19-cv-

3  00745-DAD, 2020 WL 1503423 (E.D. Cal. Mar. 30, 2020) (granting motion for equitable tolling

4  of the habeas statute of limitations based on COVID-19).  Respondent does not challenge that

5  conclusion.  Further, respondent does not challenge petitioner's claims that he has been diligently

6  pursuing his rights; and this court finds no basis to conclude otherwise.  The only question is the

7  length of time petitioner is entitled to equitable tolling.

8  The district court has broad discretion to stay proceedings.  Landis v. North American

9  Co., 299 U.S. 248, 254–55 (1936).  Equitable tolling, on the other hand, is limited to rare and

10  exceptional circumstances and typically applied sparingly.  Cadet v. Florida Department of

11  Corrections, 853 F.3d 1216, 1221 (11th Cir. 2017).  The COVID-19 restrictions on social

12  interactions and travel are currently set to expire for the State of Nevada and country-wide on

13  April 30, 2020.  There is no expiration date for the restrictions in the State of California.

14  However, it is worth noting that the Chief Judge of this district recently extended its courthouse

15  closures through May 31, 2020.  General Order No. 617.

16  This court agrees with respondent that, at this time, no more than a 90-day period of

17  equitable tolling is justified.  Cf. Cowan, 2020 WL 1503423, at *3 (court grants equitable tolling

18  of statute of limitations for 90 days due to COVID-19).  Petitioner fails to establish that the

19  extraordinary circumstances hindering the FPD's ability to conduct investigations will last longer

20  than that. Petitioner may certainly seek an additional period of equitable tolling at a later date if

21  the restrictions on travel and social interactions continue.

22  Accordingly, IT IS HEREBY RECOMMENDED that:

23  1.  Petitioner's motion for an extension of the stay of these proceedings (ECF No. 173) be

24  granted and these proceedings be stayed through August 28, 2020.

25  2.  Petitioner's motion for equitable tolling of the statute of limitations (ECF No. 173) be

26  granted for a 90-day period starting March 11, 2020.

27  These findings and recommendations will be submitted to the United States District Judge

28  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after

3

1    being served with these findings and recommendations, any party may file written objections with

2    the court and serve a copy on all parties. The document should be captioned "Objections to

3    Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

4    filed and served within ten days after service of the objections.  The parties are advised that

5    failure to file objections within the specified time may result in waiver of the right to appeal the

6    district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7    Dated:  April 20, 2020

8

9                                                                                                                                            
                                        DEBORAH BARNES
10                                      UNITED STATES MAGISTRATE JUDGE

11   DLB:9
     DB/orders-capital/maury stay eot.fr
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    4