UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EDWARD MAURY,<br><br>    Petitioner,<br><br>    v.<br><br>RONALD DAVIS,<br><br>    Respondent. | No. 2:12-cv-1043 WBS DB<br><br>DEATH PENALTY CASE<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a condemned state prisoner proceeding through counsel with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Before the court is petitioner's motion for an extension of the stay of these proceedings and motion for equitable tolling. For the reasons set forth below, this court will recommend both motions be granted.

**BACKGROUND**

On March 24, 2017, petitioner filed his reply to the answer to petitioner's October 24, 2012 habeas petition. Two months later, this court granted petitioner's counsel's motion to withdraw and appointed the Office of the Federal Defender for the Eastern District of California as counsel for petitioner. (ECF No. 161.) In February 2019, this court granted the motion of the Federal Defender to withdraw. (ECF No. 166.) On May 29, 2019, upon the recommendation of the Selection Board, this court appointed the Office of the Federal Defender for the District of Nevada as counsel for petitioner. (ECF No. 167.)

In September 2019, petitioner moved to stay these proceedings to permit his newly-appointed counsel an opportunity to review the record and investigate potential claims. The court granted a stay through May 30, 2020. (ECF Nos. 171, 172.) In June, the court granted petitioner's unopposed motions for an extension of the stay through August 28, 2020 and for equitable tolling of the statute of limitations for a 90-day period, from March 11 to June 9, based on the restrictions on counsel's ability to work caused by the COVID-19 pandemic. (ECF Nos. 177, 178.)

Petitioner now seeks another extension of the stay, which respondent does not oppose, and further equitable tolling, which respondent argues is premature. (ECF Nos. 179, 180, 181.) Both motions are discussed below.

## MOTION FOR EQUITABLE TOLLING

Petitioner argues continued equitable tolling is justified because his attorneys have been diligently investigating his potential claims, but their work has been hampered by the restrictions on travel and the risks of the COVID-19 virus. Respondent argues that recent Ninth Circuit case law prevents the court from granting equitable tolling prospectively.

**I. Legal Standards**

A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). 'For a litigant to demonstrate he has been pursuing his rights diligently, and thus satisfies the first element required for equitable tolling, he must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." Smith v. Davis, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc) (internal quotation marks and citation omitted). In other words, "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations

omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and some quotation marks omitted).

Extraordinary circumstances need not be an "actual impossibility; rather, equitable tolling is appropriate where 'it would have technically been possible for a prisoner to file a petition, but a prisoner would have likely been unable to do so.'" Grant v. Swarthout, 862 F.3d 914, 918 (9th Cir. 2017) (emphasis in original) (quoting Gibbs, 767 F.3d at 888). That said, equitable tolling should be applied sparingly. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) ("To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity . . . .").

Petitioner bears the burden of alleging facts that would give rise to tolling, Pace, 544 U.S. at 418, and "[a] habeas petitioner ... should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling,'" Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (quoting Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003)).

**II. Discussion**

Respondent's only challenge to petitioner's motion is based on the recent Ninth Circuit en banc opinion in Smith. Respondent argues that the decision in Smith requires a federal court to consider the issue of equitable tolling only retroactively, not prospectively as petitioner seeks. Therefore, respondent concludes, petitioner's motion is premature.

In Smith, an en banc panel of the Ninth Circuit considered whether a "stop-clock" approach to equitable tolling is appropriate. That "stop-clock" approach would permit a petitioner, who is impeded from filing his petition by extraordinary circumstances while the statute of limitations is running out, to "simply add the time during which he was so impeded to extend the period of the statute of limitations, regardless whether he was reasonably diligent in filing his petition after the impediment was removed." Smith, 953 F.3d at 586. The court rejected that approach, holding that "whether an impediment caused by extraordinary circumstances prevented timely filing is a 'causation question' that requires courts to evaluate a petitioner's diligence in all time periods - before, during, and after the existence of an

3

'extraordinary circumstance' - to determine whether the extraordinary circumstance actually did prevent timely filing" Id. at 595 (citation omitted).  Respondent argues that the approach dictated by Smith can only be conducted retroactively because prospective application would require a court to determine a petitioner's diligence in the future, something, respondent argues, it cannot do.

A district judge of this court very recently considered the question raised by respondent here:  What is the effect, if any, of Smith on a prospective determination of equitable tolling in a capital habeas case?  In Cowan v. Davis, Judge Drozd held that Ninth Circuit law permitting prospective equitable tolling was not overturned by Smith.  Cowan, No. 1:19-CV-00745-DAD, 2020 WL 4698968, at *4-6 (E.D. Cal. Aug. 13, 2020).  He went on to grant a condemned prisoner's request for prospective equitable tolling based on the circumstances and limitations of the COVID-19 pandemic.

Judge Drozd's decision in Cowan is thorough and well-reasoned.  In sum, Judge Drozd reasoned as follows:

- "The Supreme Court has not held that equitable tolling of the 28 U.S.C. § 2244 deadline is unavailable prior to filing of an untimely petition." 2020 WL 4698968, at *3.
- Starting with its 1997 decision in Beeler,[1] "the Ninth Circuit has long countenanced prospective equitable tolling." Id.
- Many district judges in California have relied on Beeler to grant prospective equitable tolling in capital habeas cases. Id. at 3-4.
- The issue of prospective equitable tolling was not before the court in Smith. Id. at 4.
- Smith does not expressly overrule Beeler, or even mention it, and is not irreconcilable with it. Id.
- Disallowing prospective equitable tolling would result in piecemeal litigation and additional burdens on an already-burdened court. Id. at 5.

---

[1] Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997), partially overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly V), 163 F.3d 530, 540 (9th Cir. 1998), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003).

4

This court recognizes that courts have not been consistent in their consideration of the issue of prospective equitable tolling after Smith.  At least one judge in this circuit held that Smith prohibits prospective equitable tolling.  See Fitzgerald v. Shinn, No. CV-19-5219-PHX-MTL, 2020 WL 3414700, at *5 (D. Ariz. June 22, 2020).  Another judge held that even though she considers it likely Smith "implicitly eliminated prospective equitable tolling," the unprecedented and ongoing circumstances of the COVID-19 pandemic, along with the interests of judicial efficiency, compel a conclusion that prospective equitable tolling should be permitted.  See Dale v. Williams, No. 3:20-cv-031 MMD CLB, 2020 WL 4904624, at *2 (D. Nev. Aug. 20, 2020); Dunn v. Baca, No. 3:19-cv-0702 MMD WGC, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020).

Judge Drozd recognized that there "may arguably be some conceivable tension between the decisions in Beeler and Smith."  However, he determined that this conceivable tension was "an insufficient basis upon which to conclude that the former was implicitly overruled by the latter."  Cowan, 2020 WL 4698968, at *5.  This court agrees.  The en banc panel in Smith did not consider the issue of prospective equitable tolling and this court will not presume it intended to overrule Ninth Circuit precedent.

The next step, then, is to apply the Holland test for equitable tolling by determining:  (1) whether petitioner has been and will pursue his rights with reasonable diligence; and (2) whether extraordinary circumstances prevent him from completing an amendment to his petition.  There is no dispute that the effects of the COVID-19 pandemic are extraordinary and are ongoing.  Further, respondent does not argue that petitioner has not exercised diligence.  Nor does respondent specifically challenge: (1) petitioner's counsel's assertions that the risks of travel and face-to-face meetings due to COVID-19 prevent petitioner's counsel from reasonably conducting interviews (Decl. of E. Henderson (ECF No. 179 at 14-15)); (2) such interviews are necessary to support any new claims (id. at 15); and (3) counsel and their staff "will continue diligently working on Mr. Maury's case to the extent possible, where we can do so from home or, on a limited basis, from the office" (id.).

Like the petitioner in Cowan, petitioner here has demonstrated diligence and committed to continuing to exercise all reasonable diligence.  Judge Drozd found a 90-day prospective period

5

of equitable tolling was appropriate, extending the period of equitable tolling in that case through November 11, 2020.  <u>Cowan</u>, 2020 WL 4698968, at *6.  Petitioner's request in the present case would extend the period of equitable tolling only through September 7, 2020.  As of today's date, the COVID-19 pandemic still presents many risks and many businesses and government agencies, including this court, remain closed.  Certainly, petitioner's ability to conduct reasonable investigations has been, and will continue to be, hindered through September 7.

This court finds petitioner has adequately demonstrated that the pandemic is causing, and will cause, limitations on his counsel's work.  Petitioner is not required to exercise all possible diligence.  Rather, he must be reasonably diligent.  This court will not recommend a result that would force petitioner's counsel to choose between risking the safety of themselves, their staff, potential witnesses, and all of their families to conduct interviews or risking the loss of the right to assert habeas claims on behalf of their condemned client.  The court has ample grounds to grant petitioner's motion for equitable tolling for an additional 90-day time period.

**MOTION FOR STAY**

Petitioner seeks a stay of these proceedings until the pandemic is "under control sufficiently for field investigation to safely resume."  (ECF No. 179 at 2.)  Respondent does not oppose a stay, stating only that "[t]his Court has already stayed proceedings through August 28, and the COVID-19 restrictions may cause this Court to extend that stay."  (ECF No. 180 at 4.)  This court finds good cause for an extension of the stay based on the continued restrictions on travel and health risks caused by the COVID-19 pandemic.  The only question is the extent of a stay.  This court finds the measure proposed by petitioner lacks clarity.  As discussed above, Judge Drozd in <u>Cowan</u> found that the COVID-19 restrictions and risks will not be abated anytime soon.  This court will recommend a 90-day extension of the stay, through November 26, 2020.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's motion to stay these proceedings and equitably toll the statute of limitations (ECF No. 179) be granted as follows:

1. These proceedings be stayed through November 26, 2020; and

////

2. Petitioner be entitled to equitable tolling of the statute of limitations for an additional 90 days, through September 7, 2020.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 27, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/orders-capital/maury.eq toll(2)