UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EDWARD MAURY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, CALIF. STATE PRISON AT SAN QUENTIN,<br><br>　　　　　Respondent. | No.  2:12-cv-1043 WBS DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner is a condemned state prisoner proceeding through counsel with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Before the court is petitioner's motion to file a supplemental petition.  For the reasons set forth below, this court will recommend petitioner's motion be denied without prejudice.

**BACKGROUND**

　　　　Petitioner filed a petition in October 2012.  (ECF No. 25.)  Respondent filed an answer in December 2013.  (ECF No. 48.)  After the withdrawal of one of his attorneys in 2015, petitioner, through his remaining attorney, filed a reply in March 2017.  (ECF No. 155.)  For various reasons, petitioner's counsel changed twice after he filed the reply.  The court appointed his current counsel in May 2019.

////

Case 2:12-cv-01043-WBS-DB   Document 205   Filed 09/27/22   Page 2 of 5

Petitioner then sought a stay of these proceedings and equitable tolling of the statute of limitations to permit new counsel to conduct investigations. The court granted those requests. In May 2021, petitioner filed the present motion to file a supplemental petition. (ECF No. 195.) Respondent filed an opposition (ECF No. 200) and petitioner filed a reply (ECF No. 204). Petitioner argues he should be permitted to add claims to his petition that prior counsel failed to raise due to conflicts of interest.

## MOTION TO FILE SUPPLEMENTAL PETITION

**I. Legal Standards**

Under 28 U.S.C. § 2242, an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." While petitioner identifies his motion as one to supplement his petition, he is essentially seeking to amend it because his claims challenge the same conviction and sentence challenged in his original petition. See 4 Wright, Miller & Kane, Federal Practice & Procedure, § 1504 (3d ed.) (Supplemental pleadings deal with events subsequent to the present pleading.).[1]

The standards for amending a petition are set out in Federal Rule of Civil Procedure 15. Leave to amend "'shall be freely given when justice so requires.'" Caswell v. Calderon, 363 F.3d 832, 837 (9th Cir. 2004) (quoting Fed. R. Civ. P. 15(a)). In deciding whether to grant leave to amend, courts are guided by five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party previously amended its pleadings. Id. Each factor is not given equal weight. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin, 59 F.3d at 845. "[A]mendment is futile if the statute of limitations has run, the claims are unexhausted, or the legal bases for the claims are tenuous." Ibarra v. Hedgpeth, No. 1:10-cv-

////

---

[1] The court excused petitioner from compliance with Local Rule 220, which requires a party seeking to amend a pleading to file a new pleading which supersedes the original one. (See ECF No. 191.) That ruling explains petitioner's identification of his motion as one to "supplement."

1 0180 LJO SAB HC, 2013 WL 5969667, at *1 (E.D. Cal. Nov. 8, 2013) (citing Rodriguez v.

2 United States, 286 F.3d 972, 980 (7th Cir. 2002) and Caswell, 363 F.3d at 837-39)).

## II. Discussion

Petitioner contends that none of the five factors counseling against amendment apply here. Respondent argues that amendment would be futile because petitioner failed to exhaust the claims raised in the supplemental petition. This court agrees.

Petitioner concedes that his claims are not exhausted.[2] (See ECF No. 204 at 4 (petitioner argues he should be given the opportunity to exhaust his new claims).) However, petitioner also makes a somewhat contradictory arguments that the exhaustion issue is premature because it is not clear from the face of the supplemental petition and should be addressed after briefing on the merits. (Id.) Petitioner cites no authority for this proposition and it is contrary to case law from this circuit. In Caswell, when considering a motion to amend the petition, the court analyzed the exhaustion status of the claims the petitioner sought to add. See 363 F.3d at 837-39.

It is well established that a federal court may not "adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). Historically, federal courts dismissed mixed petitions. See Rhines, 544 U.S. at 274; Rose, 455 U.S. at 522. In 2005, the Supreme Court considered the propriety of staying a mixed petition. In Rhines, the Court held that stay and abeyance of a mixed petition is available in "limited circumstances" when "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277. Petitioner does not seek such a stay here.

This court finds amending the petition at this time would be futile. Absent an express waiver of exhaustion by respondent, which respondent has not made, petitioner cannot succeed on

---

[2] Petitioner disputes respondent's contention that petitioner is alleging his claims are "'technically exhausted' because they are now procedurally barred under [state] law." Gray v. Netherland, 518 U.S. 152, 162-63 (1996) (quoting Castille v. Peoples, 489 U.S. 436, 351 (1989)); see also 28 U.S.C. § 2254(b)(1)(B)(i) (exhaustion not necessary if there is "an absence of available State corrective process"). Petitioner states that he "has a viable legal avenue to exhaust the claims in his supplemental petition in state court." (ECF No. 204 at 2.) Accordingly, technical exhaustion is not an issue before the court and this court does not address it.

his unexhausted claims at this time. See Scott v. Baldwin, 225 F.3d 1020, 1023 n. 7 (9th Cir. 2000) (The petitioner "cannot succeed on a [new] claim for the simple reason that it, obviously, has not been exhausted in state court." (citing 28 U.S.C. § 2254(b)(1)(A) (providing that a state prisoner's habeas petition "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State") and Jiminez v. Rice, 222 F.3d 1210, 1212 (9th Cir.2000), reh'g granted, opinion withdrawn on other grounds, 246 F.3d 1277 (9th Cir. 2001), and on reh'g, 276 F.3d 478 (9th Cir. 2001).); cf. 28 U.S.C. §2254(b)(3) (a state's waiver of exhaustion must be expressly made); 28 U.S.C. § 2254(b)(2) (an unexhausted claim may be denied if it is meritless). Based on controlling authority, this court will recommend petitioner's motion to amend the petition by filing a supplemental petition be denied without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion to supplement the petition (ECF No. 195) be denied without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the

////
////
////
////
////
////

4

district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: September 26, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Capital/Maury.mot to amend